AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | |
|---|---|
| United States of America<br>v.<br>Jason Gerace<br><br>*Defendant(s)* | )<br>)<br>) Case No.<br>)   24-mj-4073 (MJS)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __July 2024__ in the county of __Gloucester County__ in the
_____ District of __New Jersey__, the defendant(s) violated:

| Code Section | Description of Offenses |
|---|---|
| 21 U.S.C. § 841(a)(1) and (b)(1)(C) | Possession with intent to distribute methamphetamine |

This criminal complaint is based on these facts:
See Attachment B.

☑ Continued on the attached sheet.

*Donovan Miles*
Complainant's signature

Donovan Miles, Special Agent, FBI
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
__telephone__ *(specify reliable electronic means)*.
Date: __November 8, 2024__

Judge's signature

City and state: __Camden, New Jersey__        Honorable Matthew J. Skahill, U.S.M.J.
Printed name and title

CONTENTS APPROVED
UNITED STATES ATTORNEY

By: *Josephine Park* (signature)

Josephine J. Park
Assistant United States Attorney

Date: November 8, 2024

## ATTACHMENT A

(Possession with Intent to Distribute)

In July 2024, in Gloucester County, in the District of New Jersey and elsewhere, the defendant,

**JASON GERACE,**

did knowingly and intentionally possess with intent to distribute a quantity of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## ATTACHMENT B

## Affidavit in Support of Criminal Complaint

I, Donovan Miles, am a Special Agent with the Federal Bureau of Investigation ("FBI"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, photographs and recordings of the evidence. Where statements of others are related herein, they are related in substance and part. Because this Complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date and time, I am asserting that it took place on or about the date and time alleged.

1. During the course of the investigation, a confidential human source ("CHS-1")[1] provided information to FBI agents concerning the distribution of controlled substances by Jason Gerace ("GERACE").

2. On three separate occasions in June and July 2024, CHS-1 and another confidential human source (CHS-2)[2] conducted controlled purchases of methamphetamine. CHS-2's vehicle was used to travel to and from the location where the controlled purchases were conducted. Prior to conducting these controlled purchases in June and July 2024, law enforcement officers searched CHS-1, CHS-2, and CHS-2's vehicle for any contraband and found none. On each occasion, law enforcement officers surveilled the CHSs' travel to and from the location of the controlled purchases. And on each occasion, the CHSs made no stops to and from the controlled purchases.

3. During the week of June 10, 2024, CHS-1 and CHS-2 conducted a controlled purchase of methamphetamine from GERACE at his residence in Gloucester County, New Jersey ("GERACE'S RESIDENCE").[3] Law enforcement

---

[1] CHS-1 has timely and reliably provided truthful information to law enforcement officers. This information has been corroborated by other sources of evidence, including physical surveillance conducted by law enforcement officers.

[2] CHS-2 has timely and reliably provided truthful information to law enforcement officers. This information has been corroborated by other sources of evidence, including physical surveillance conducted by law enforcement officers. CHS-1 and CHS-2 did not have any connection to each other prior to the first controlled purchase in June 2024.

[3] The dates, times, and locations of each of the purchases contained in this Attachment is known to the affiant but is being withheld in order to safeguard the identity of CHS-1 and CHS-2.

officers observed CHS-1 and CHS-2 enter GERACE's RESIDENCE. Shortly thereafter, CHS-1 and CHS-2 purchased a quantity of off-white crystal-like substance that was later identified as Methamphetamine Hydrochloride. After the purchase, law enforcement officers observed CHS-1 and CHS-2 leave the residence.

4.  During the week of June 17, 2024, CHS-1 and CHS-2 conducted a second controlled purchase at GERACE'S RESIDENCE. Law enforcement officers observed CHS-1 and CHS-2 enter GERACE'S RESIDENCE. Shortly thereafter, CHS-1 and CHS-2 purchased a quantity of off-white crystal-like substance that was later identified as Methamphetamine Hydrochloride. After the purchase, law enforcement officers observed CHS-1 and CHS-2 leave the residence.

5.  During the week of July 22, 2024, CHS-2 conducted a third controlled purchase at GERACE'S RESIDENCE. Law enforcement officers observed CHS-2 enter GERACE'S RESIDENCE. Shortly thereafter, CHS-2 purchased a quantity of off-white crystal-like substance that was later identified as Methamphetamine Hydrochloride. After the purchase, law enforcement officers observed CHS-2 leave the residence.

6.  In sum, CHS-1 and CHS-2 purchased over 300 grams of substance from GERACE for over $2,500 that was, upon testing by a Drug Enforcement Administration laboratory, identified as Methamphetamine Hydrochloride.

*Donovan Miles*
Donovan Miles
Special Agent
Federal Bureau of Investigation

Pursuant to Fed. R. Crim. P. 4.1, Special Agent Donovan Miles was sworn and attested to the contents of this affidavit via telephone in support of the criminal complaint.

_____   Date: November __8__, 2024
HON. MATTHEW J. SKAHILL
United States Magistrate Judge